802 So.2d 374 (2001)
BEHAVIORAL HEALTH AND WELLNESS, INC., Appellant,
v.
FDIC, As Receiver for Lower Peoples Nat. Bank, etc., Appellee.
No. 3D98-3338.
District Court of Appeal of Florida, Third District.
October 31, 2001.
*375 Manzini & Manzini, and Nicolas Manzini, for appellant.
Haley, Sinagra & Perez, and James T. Haley, Miami, and Timothy H. Crutchfield, for appellee.
Before LEVY, SORONDO, and RAMIREZ, JJ.

ON MOTION FOR REHEARING AND CLARIFICATION
RAMIREZ, J.
We grant rehearing, withdraw our opinion of August 29, 2001, and substitute this opinion in its place.
Behavioral Health and Wellness, Inc. appeals a summary final judgment in favor of Peoples National Bank of Commerce on Peoples Bank's defenses of set-off and recoupment and on its counterclaim. Because Peoples Bank is not entitled to a setoff and has no valid counterclaim for wrongfully dishonoring a cashier's check, we reverse.
Behavioral was an account holder at Peoples Bank. Dr. Larry Capp and Dr. James Grier were both signatories on that account. On September 21, 1995, Dr. Capp and Dr. Grier withdrew $48,574.69, and requested that the bank issue a cashier's check to Behavioral for that amount.
Peoples Bank subsequently rescinded the cashier's check transaction and credited the sum to Behavioral's account. Dr. Grier then cashed a check for $48,000.00 against the account.
Dr. Capp deposited the cashier's check at Great Western Bank. When Great Western presented the cashier's check to Peoples Bank, Peoples Bank dishonored *376 the check due to the lack of funds in Behavioral's account. Behavioral then brought suit against Peoples Bank for wrongfully dishonoring the cashier's check. Peoples Bank asserted that it had not received any consideration from Behavioral for the cashier's check, that Behavioral was not a legitimate holder of the cashier's check, and claimed a set-off in the same amount as the cashier's check. Peoples Bank also brought a counterclaim for breach of contract and rescission of contract due to Behavioral's failure to pay compensation.
The trial court granted Behavioral's motion for summary judgment on its claim against Peoples Bank and granted Peoples Bank's motion for summary judgment on its defenses and counterclaim. Peoples Bank's set-off nullified Behavioral's damages.
In the business community, cashier's checks are treated as the next best thing to cash. See First American Bank and Trust v. Rishoi, 553 So.2d 1387, 1388 (Fla. 5th DCA 1990). "Neither the bank nor a purchaser of a cashier's check has a right to `stop payment' on a cashier's check." Warren Fin. Inc. v. Barnett Bank, 552 So.2d 194, 197 (Fla.1989). "Banks cannot be permitted to refuse payment on their cashier's checks at their discretion." Id. at 200. "The only inquiry a bank may make on the presentment of a cashier's check is whether the payee or endorsee is in fact a legitimate holder, that is, whether the cashier's check is being presented by a thief or one who simply found a lost check, or whether the check has been materially altered." First American Bank, 553 So.2d at 1388. "Further, a cashier's check does not lose its cash-like attributes merely because it has been endorsed by the original payee and negotiated to another party." Warren, 552 So.2d at 200.
Peoples Bank should not have dishonored the cashier's check. When Peoples Bank debited the account and issued the cashier's check, the money was in effect transferred to the bank's account to be held for payment of the cashier's check. It is disingenuous of Peoples Bank to claim it received no consideration because it was its own conduct in rescinding the cashier's check transaction, crediting the account, and allowing Dr. Grier to deplete the account in an amount approximating the cashier's check that caused the lack of funds when the cashier's check was presented. Behavioral should not be penalized for Peoples Bank's imprudent decision.
Reversed.[1]
NOTES
[1] Peoples Bank has also filed a motion for clarification seeking guidance for the trial court. As Peoples Bank represented to this Court at oral argument that there were no disputed issues of fact, the trial court should enter judgment for Behavioral.